<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ABRAHAM ROMAN, et al., | : | |
| | : | Civil Action No. 15-4257 (ES) |
| Plaintiffs, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| DR. JUNAID R. SHAIKH, et al., | : | |
| | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

Plaintiff, Abraham Roman, a convicted prisoner, and Matthew J. Ballister III, a pre-trial detainee, confined at Union County Jail in Elizabeth, New Jersey, have submitted a joint Complaint alleging claims pursuant to 42 U.S.C. § 1983 against Dr. Junaid R. Shaikh and the Union County Medical Examiner's Office. (D.E. No. 1, Compl.). Plaintiffs did not prepay the $400 filing fee and neither Plaintiff submitted a complete application to proceed *in forma pauperis*. As explained below, this Court will deny Plaintiffs' applications to proceed *in forma pauperis* without prejudice and direct the Clerk of the Court to administratively terminate this action subject to reopening in accordance with the terms of this Opinion.

**I. BACKGROUND**

In the Complaint, Plaintiffs generally allege that Defendant Dr. Junaid R. Shaikh, the Medical Examiner for the County of Union, committed "fraudulent forensic analysis" when he incorrectly determined the causes of death of the victims in Plaintiffs' respective criminal cases. (Compl. at 3). The two autopsies which Plaintiffs allege Dr. Shaikh conducted improperly

occurred in December 2012 and October 2013.  (*Id.* at 13-14).  At this time, Plaintiff Roman has already been tried and convicted while Plaintiff Ballister is still a pre-trial detainee.  (Compl. at 2).  Plaintiffs allege violations of their Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh and Fourteenth Amendments.  (*Id.* at 4-11).  They are seeking injunctive and monetary relief.  (*Id.* at 18-19).

## II.  DISCUSSION

### A. *In Forma Pauperis*

The filing fee for a civil complaint is $350, plus a $50 administrative fee.  The Clerk cannot file a civil complaint unless the person seeking relief pays the entire $400 fee in advance or applies for, and is granted, *in forma pauperis* status pursuant to 28 U.S.C. § 1915.  *See* L. Civ. R. 5.1(f) ("Any papers received by the Clerk without payment of such fees as may be fixed by the statute or by the Judicial Conference of the United States for the filing thereof shall be marked 'received' and the date and time of receipt shall be noted thereon.").

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, §§ 801–10, 110 Stat. 1321 (April 26, 1996) ("PLRA"), which amended 28 U.S.C. § 1915, established certain requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.  It requires the prisoner to submit an affidavit that includes a statement of all assets and that the person is unable to pay such fees or give security.  *See* 28 U.S.C. § 1915(a)(1).  In addition, prisoners must submit a certified copy of their trust fund account statement for the six month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined.  *See* 28 U.S.C. § 1915(a)(2).

If a prisoner is granted permission to file a complaint *in forma pauperis*, then the PLRA requires the Court to assess the $350.00 filing fee against the prisoner.[1] The Court then collects the fee by directing the agency having custody of the prisoner to deduct monthly installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00. *See* 28 U.S.C. § 1915(b). In addition, if the Court grants the prisoner permission to proceed *in forma pauperis,* then the PLRA requires the Court to screen the complaint for dismissal and to *sua sponte* dismiss (without service or ordering an answer) any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Furthermore, if a prisoner has on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In this case, the Clerk cannot file the Complaint because Plaintiffs did not prepay the $400 fee and this Court is not granting *in forma pauperis* status to any plaintiff. Though both Plaintiffs requested permission to proceed *in forma pauperis,* the applications are incomplete because they did not submit a certified copy of their trust fund account statements for the six-month period immediately preceding the filing of the complaint along with their *in forma pauperis* applications.

---

[1] A prisoner who is granted *in forma pauperis* status is assessed a filing fee of $350 and is not responsible for the $50 administrative fee.   L. Civ. R., App. K.

Accordingly, both Plaintiffs' applications to proceed *in forma pauperis* will be denied without prejudice. The Clerk will be directed to administratively close the case because neither plaintiff has either prepaid the $400 fee, or submitted a complete application to proceed *in forma pauperis*. Nevertheless, Plaintiffs will be advised on the relevant law in order to provide them guidance on whether to proceed in this case individually or jointly.

### B. *Joinder*

Two plaintiffs signed the complaint. Federal Rule of Civil Procedure 20 governs the permissive joinder of plaintiffs and states in relevant part:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;
>
> (B) and any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Joinder under Rule 20 is discretionary and when the District Court exercises that discretion, it "must provide a reasoned analysis that comports with the requirement of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers,* 570 F.3d 146, 157 (3d Cir. 2009).

Where more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $400 fee or seek *in forma pauperis* status. *See Hagan,* 570 F.3d at 150; *see also Hood v. Cumberland Cnty. Dep't of Corrs.,* Civ. No. 12–6395, 2013 WL 1593349, at *1 n. 2 (D.N.J. Apr. 12, 2013). In the event that multiple prisoners seek to join as plaintiffs and they do not prepay the $400 fee, then each plaintiff must submit a complete

4

application to proceed *in forma pauperis* if he desires the complaint to be filed on his behalf. *See Hagan,* 570 F.3d at 154–55. In that situation, if the Court permits more than one prisoner to join as a plaintiff under Rule 20, then the Court is required to collect a $350 filing fee from each prisoner-plaintiff by directing the agency having custody of each prisoner to deduct the filing fee in monthly installments from each prisoner's account as if each prisoner were filing his own individual complaint. *See Hagan,* 570 F.3d at 155–56.

As previously stated, this Court is required to screen a complaint for dismissal and to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. However, the Complaint, as to the joinder issue, and the individual claims, will not be formally screened at this stage because the Complaint has not yet been filed.

While this Court will not screen the Complaint since it is not yet deemed filed, the Court does note that there are significant questions concerning the viability of the joinder of the Plaintiffs in this action. Plaintiffs' claims against Dr. Shaikh arise out of the doctor's actions during Plaintiffs' individual state criminal cases. Those criminal cases are completely separate and factually unrelated. The allegedly incorrect autopsies occurred almost a year apart and Plaintiffs are at entirely different stages of their criminal proceedings. The facts provided indicate that these issues may be more appropriately pled as separate individual claims rather than as joined claims.

At this juncture, and in light of the guidance above, Plaintiffs will be given an opportunity to either: (1) move to re-open this action, complying with the rules applicable to joinder of claims

and parties, including the filing fee and/or IFP application requirements; or (2) file new and separate actions asserting their individual claims.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' application to proceed *in forma pauperis* will be denied without prejudice. The Clerk will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee. Plaintiffs will be granted thirty (30) days to move to reopen this action, or file their own individual complaints, and the corresponding filing fee or application to proceed. Any future joint amended complaint must comply with the rules for asserting multiple claims by or against multiple parties. An appropriate order follows.

/s/*Esther Salas*
**Esther Salas, U.S.D.J.**

6